Hayden v. Walmart Stores, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fifteen

PRESENT: DENNIS JACOBS,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　　　　 <u>Circuit Judges</u>,
　　　　　GEOFFREY W. CRAWFORD,[*]
　　　　　　　　　　　　　　 <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
CALVIN HAYDEN,
　　　　<u>Plaintiff-Appellant</u>,

　　　　-v.-                                    14-3212

WALMART STORES, INC.,
　　　　<u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　　　W. MARTYN PHILPOT, JR., Law
　　　　　　　　　　　　　　Office of W. Martyn Philpot,
　　　　　　　　　　　　　　Jr., LLC, New Haven,
　　　　　　　　　　　　　　Connecticut.

---

[*] The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

**FOR APPELLEE:**                    CRAIG THOMAS DICKINSON, Littler
                                     Mendelson, P.C., New Haven,
                                     Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Calvin Hayden appeals from the judgment of the United States District Court for the District of Connecticut (Eginton, J.), granting summary judgment in favor of Defendant-Appellee Walmart Stores, Inc. ("Walmart") and dismissing Hayden's race and age discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court assumed without deciding that Hayden had made out prima facie cases of discrimination on the bases of race and age, but held that Hayden had failed to come forward with evidence sufficient for a jury to reasonably find that Walmart's articulated legitimate, nondiscriminatory reason for Hayden's termination--his blending of two eyeglass prescriptions without authorization from the patient's opthamologist--was pretext for discrimination.

Upon de novo review, we conclude that the grant of summary judgment was proper. The record is devoid of admissible evidence from which a jury reasonably could infer that discrimination was a motivating factor (or the "but for" cause, as required for Hayden's ADEA claim) of Walmart's employment decision.

Hayden has not provided admissible evidence of disparate treatment of similarly situated employees of a different race and/or age. As explained in the district court's opinion, Hayden has not demonstrated that either "Dave" or Amy Pagini were similarly situated. Moreover, Hayden's evidence regarding "Dave" is inadmissible hearsay;

2

it is unclear whether it was Dave or another individual who purportedly told Hayden about the incident, but it is clear that Hayden lacked independent knowledge.[1]  See Fed. R. Evid. 802.

Nor does Hayden cite any admissible evidence of negative comments made by the decisionmakers or any other Walmart personnel regarding his race or age.  Hayden does allege that, after Hayden's termination, Pagini complained that Hayden was too slow and/or forgetful.  But this is also inadmissible hearsay.  Hayden claims that Vanessa Byrd, a former Walmart employee, told him that Pagini made these statements.  Hayden, who is represented by counsel, did not submit an affidavit or declaration of Byrd in opposition to summary judgment; the only evidence of these statements having occurred is Hayden's deposition testimony.  Although Pagini's original statements would be admissible nonhearsay if offered for Pagini's state of mind, for example, or for another purpose other than to prove the truth of the statements, Hayden points to no exception that allows into evidence *Byrd*'s out-of-court statements to Hayden.  See Fed. R. Evid. 802; Fed. R. Evid. 805; DiStiso v. Cook, 691 F.3d 226, 230 (2d Cir. 2012) ("[W]here a party relies on affidavits or deposition testimony to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.'" (quoting Fed. R. Civ. P. 56(c)(4))).  Because the statements are inadmissible, we need not determine whether these "stray remarks" could sufficiently demonstrate "but for" discrimination under the ADEA.  See Fried v. LVI Servs., Inc., 500 F. App'x 39, 41 (2d Cir.

---

[1] Hayden contends that a white optician, who may (or may not) have been named "Dave," changed the expiration date of a prescription, and received only a verbal warning.  Hayden's deposition testimony makes clear that Hayden has no independent knowledge of the circumstances of the incident.  He claimed that someone else, whose name he could not recall--and who may have been the optician who purportedly changed the expiration date or who may have been someone else entirely--told him about the incident.  Even if this were not inadmissible hearsay, Hayden provided insufficient detail from which a jury reasonably could infer that "Dave" was similarly situated to Hayden for relevant purposes.

2012) (summary order); Henry v. Wyeth Pharm., Inc., 616 F.3d 134, 149 (2d Cir. 2010).

Most of Hayden's appellate briefing is devoted to his contention that Walmart's decision to terminate him for blending the two eyeglass prescriptions was a bad one. But it is immaterial to Hayden's federal claims whether Walmart correctly determined that his actions were contrary to its internal policy and/or to state law, and that (in any event) they warranted termination. "Evidence that an employer made a poor business judgment in discharging an employee generally is insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons." Dister v. Cont'l Grp., Inc., 859 F.2d 1108, 1116 (2d Cir. 1988). The reason asserted in this case is not "so lacking in merit as to call into question its genuineness." Id.

For the foregoing reasons, and finding no merit in Hayden's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK